volving the use or threat of violence (42 Pa.C.S. § 9711(d)(9)). It was exclusively for the jury to weigh these circumstances against the mitigating circumstances. Accordingly, the sentence of death was not so contrary to the evidence as to shock one's sense of justice.

■ Appellant's final contention is that the trial court, *sua sponte*, should have given the jury an instruction pursuant to *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994), that a life sentence means life without parole. As we have repeatedly held, a *Simmons* instruction is required only where the prosecution makes the future dangerousness of the defendant an issue in the case and the defendant specifically requests the instruction. *See, e.g., Commonwealth v. Spotz*, 563 Pa. 269, 759 A.2d 1280, 1291 (2000).[14] Here, the Commonwealth made no argument regarding appellant's future dangerousness and appellant made no request for an instruction; thus, no *Simmons* instruction was required.

Appellant nevertheless contends that the Commonwealth's evidence regarding his extensive history of violent crimes implied to the jury appellant's future dangerousness. This Court has already rejected this precise argument, holding that the aggravating circumstance of a significant history of prior violent felony convictions involves only the defendant's past conduct, not his future dangerousness. *Commonwealth v. May*, 551 Pa. 286, 710 A.2d 44, 47 (1998). Because appellant's future dangerousness was never made an issue in this case, and

appellant requested no *Simmons* instruction, this claim fails.

Finally, this Court must affirm the sentence of death unless we determine that: (i) the sentence of death was the product of passion, prejudice, or any other arbitrary factor; or (ii) the evidence fails to support the finding of at least one aggravating circumstance. 42 Pa.C.S. § 9711(h)(3)(i)-(ii). After reviewing the record below, we conclude that the sentence imposed was not the product of passion, prejudice or any other arbitrary factor. We also conclude that the evidence was sufficient to establish the two aggravating factors found by the jury.

The judgment of sentence is affirmed.[15]

Former Chief Justices FLAHERTY and ZAPPALA did not participate in the decision of this case.

Justice NIGRO concurs in the result.

**Edward J. BARR, Appellant,**

v.

**PENNSYLVANIA DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, Appellee.**

Supreme Court of Pennsylvania.

Sept. 24, 2003.

---

**14.** A minority of Justices on this Court has consistently expressed the view that they would require a *Simmons* instruction in all cases. *See, e.g., Commonwealth v. Robinson*, 554 Pa. 293, 721 A.2d 344 (1998) (former Chief Justice Flaherty, dissenting; former Justice Zappala, concurring); *Commonwealth v. Clark*, 551 Pa. 258, 710 A.2d 31 (1998) (for-

mer Justice Zappala, concurring; Nigro, J., concurring).

**15.** The Prothonotary of this Court is directed to transmit to the Governor's office a full and complete record of the trial, sentencing hearing, imposition of sentence and opinion and order by the Supreme Court in accordance with 42 Pa.C.S. § 9711(i).

### ORDER

PER CURIAM.

**AND NOW,** this 24th day of September, 2003, the Order of the Commonwealth Court is AFFIRMED.

**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Eileen MAYFIELD, Appellee.**

Supreme Court of Pennsylvania.

Argued May 13, 2003.
Decided Sept. 24, 2003.